UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| BRIAN BARNES AND<br>RENEE FOURNIER<br>    **Plaintiffs**<br><br>V.<br><br>CRANE, CRANE COUNTY, TEXAS,<br>CRANE COUNTY COMMISSIONER'S<br>COURT, CRANE COUNTY SHERIFF'S<br>DEPARTMENT, CRANE COUNTY<br>SHERIFF ROBERT DELEON, CRANE<br>COUNTY SHERIFF'S DEPUTY<br>JEFFREY ELLISON AND COUNTY<br>JUDGE JOHN FARMER | § § § § § § § § § § § § § § § | CIVIL ACTION NO. MO-10-CV-056 |

## DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, **Crane County, Texas, Sheriff Robert DeLeon, Sheriff Deputy Jeffrey Ellison and Crane County Judge John Farmer**, Defendants in the above styled and numbered cause and files this their Original Answer and in support thereof would respectfully show unto this Honorable Court the following:

1.    These Defendants admit the allegations in Paragraph 1 of Plaintiffs' Amended Complaint.

2.    These Defendants deny that Crane, Crane County, Texas is a Defendant in this case and denies that there has been any service or summons issued for Crane, Crane County, Texas. These Defendants deny that Crane County Commissioner's Court and the Crane County Sheriff's Department are Defendants as the Crane County Commissioner's Court and the Crane County Sheriff's Department are not entities subject to suit. These

Defendants admit that Crane County Sheriff Robert DeLeon, Crane County Sheriff's Deputy Jeffrey Ellison, Crane County Judge John Farmer, and Crane County are Defendants in the suit.

3. These Defendants deny that County Attorney Susan Loyless should be served with process for Crane, Crane County, Texas or the Crane County Commissioner's Court. These Defendants admit the balance of the allegations in Paragraph 3 of Plaintiffs' Amended Complaint.

4. These Defendants deny the allegations in Paragraph 4 of Plaintiffs' Amended Complaint.

5. These Defendants deny the allegation in Paragraph 5 of Plaintiffs' Amended Complaint.

6. These Defendants deny the allegations in Paragraph 6 of Plaintiffs' Amended Complaint.

7. These Defendants deny the allegations in Paragraph 7 of Plaintiffs' Amended Complaint.

8. These Defendants deny the allegations in Paragraph 8 of Plaintiffs' Amended Complaint.

9. These Defendants deny the allegations in Paragraph 9 of Plaintiffs' Amended Complaint.

10. These Defendants deny the allegations in Paragraph 10 of Plaintiffs' Amended Complaint.

11. These Defendants deny the allegations in Paragraph 11 of Plaintiffs' Amended Complaint.

12. These Defendants deny the allegations in Paragraph 12 of Plaintiffs' Amended Complaint.

13. The allegations in Paragraph 13 do not call for an admission or denial.

14. These Defendants deny the allegations in Paragraph 14 of Plaintiffs' Amended Complaint.

15. These Defendants deny the allegations in Paragraph 15 of Plaintiffs' Amended Complaint.

16. These Defendants deny the allegations in Paragraph 16 of Plaintiffs' Amended Complaint.

17. These Defendants deny the allegations in Paragraph 17 of Plaintiffs' Amended Complaint.

18. These Defendants deny the allegations in Paragraph 18 of Plaintiffs' Amended Complaint.

19. These Defendants deny the allegations in Paragraph 19 of Plaintiffs' Amended Complaint.

20. These Defendants deny the allegations in Paragraph 20 of Plaintiffs' Amended Complaint.

21. These Defendants deny the allegations in Paragraph 21 of Plaintiff's Amended Complaint.

22. These Defendants deny the allegations in Paragraph 22 of Plaintiffs' Amended Complaint.

23. These Defendants deny the allegations in Paragraph 23 of Plaintiffs' Amended Complaint.

24. These Defendants deny the allegations in Paragraph 24 of Plaintiffs' Amended

Complaint.

25.    These Defendants deny the allegations in Paragraph 25 of Plaintiffs' Amended Complaint.

30.    These Defendants deny the allegations in Paragraph 30 of Plaintiffs' Amended Complaint.

31.    These Defendants deny the allegations in Paragraph 31 of Plaintiffs' Amended Complaint.

32.    These Defendants deny the allegations in Paragraph 32 of Plaintiffs' Amended Complaint.

33.    These Defendants deny the allegations in Paragraph 33 of Plaintiffs' Amended Complaint.

36.    These Defendants deny the allegations in Paragraph 36 of Plaintiffs' Amended Complaint.

37.    These Defendants deny the allegations in Paragraph 37 of Plaintiffs' Amended Complaint.

38.    These Defendants deny the allegations in Paragraph 38 of Plaintiffs' Amended Complaint.

39.    These Defendants join in Plaintiffs' request for a trial by jury in the event the Court finds any material issues of fact subject to trial by jury. These Defendants deny the allegations in the prayer of Plaintiffs' Amended Complaint.

Subject to the foregoing admissions and denials, these Defendants' generally deny all the allegations contained in Plaintiffs' pleadings and demands strict proof thereof by a preponderance of the evidence.

Affirmative Defense Number 1

40.     These Defendants affirmatively allege that Plaintiffs' have failed to state a claim for which relief may be granted.  The actions of the Defendants, in their official capacity and in the performance of their official functions were conducted in good faith and all actions were lawful and in the complete absence of improper motive.  These Defendants assert the defense of immunity, both absolute and qualified, for the allegations alleged in Plaintiffs' Amended Complaint.

### Affirmative Defense Number 2

41.     These Defendants affirmatively plead that the Plaintiffs' state law claims are barred pursuant to Section 86.002 of the Texas Civil Practice and Remedies Code as Plaintiffs' alleged injury was sustained during the commission of a felony or misdemeanor for which Plaintiffs' were being apprehended.

### Affirmative Defense Number 3

42.     These Defendants affirmatively plead that if negligence was a cause of Plaintiffs' damages then those damages arose from the negligence of the Plaintiffs' themself.

### Affirmative Defense Number 4

43.     These Defendants affirmatively plead that they should be dismissed from this suit pursuant to §101.106 of the Texas Civil Practice and Remedies Code.  These individual Defendants affirmatively plead that state law claims against them are barred pursuant to §101.106.  Plaintiffs chose to sue Judge John Farmer, Sheriff Robert DeLeon, and Jeffrey Ellison.  Plaintiffs have made an irrevocable election to proceed only against Crane County, Texas and the individual Defendants should be dismissed.

### Affirmative Defense Number 5

44.     These Defendants affirmatively plead that any action or inaction taken by them are

subject to the mandates that they perform discretionary duties in good faith within the scope of their authority at the time Plaintiffs' claims arose and therefore, they are protected by immunity.

### Affirmative Defense Number 6

45. These Defendants affirmatively plead that all of Plaintiffs' state law claims are barred by the immunity of the Texas Tort Claims Act.

### Affirmative Defense Number 7

46. Defendant County Judge John Farmer and Sheriff Robert DeLeon affirmatively plead that there are no allegations of personal involvement by either of them. Plaintiffs have failed to state a claim against Sheriff Robert DeLeon and Judge John Farmer and these individuals should be dismissed from this suit.

### Affirmative Defense Number 8

47. Defendant Crane County, Texas is entitled to be dismissed from this case because it was not furnished any notice of claim pursuant to §101.101 of the Texas Civil Practice and Remedies Code within six (6) months of the date of the incident.

### Affirmative Defense Number 9

48. Defendant Crane County, Texas and all Defendants sued in their official capacity, affirmatively plead they are protected from suit and liability by Sovereign Immunity. Plaintiffs have not plead any exceptions or alleged why sovereign immunity would be waived. Plaintiffs have failed to state a claim against these Defendants and these Defendants should be dismissed from the suit.

49. These Defendants affirmatively plead they are entitled to recovery of their attorney's fees pursuant to 42 U.S.C. §1988.

WHEREFORE, PREMISES CONSIDERED, these Defendants pray that Plaintiffs

take nothing against these Defendants and that these Defendants be dismissed and recover all costs incurred, including attorney's fees and such other, further, relief to which they may show themselves justly entitled.

                Respectfully submitted,

/s/ Denis Dennis
DENIS DENNIS
State Bar No. 05655566

OF

RUSH, KELLY, MORGAN, DENNIS,
CORZINE & HANSEN, P.C.
P.O. Box 1311
Odessa, Texas  79760-1311
(432) 367-7271
FAX: (432) 363-9121

## CERTIFICATE OF SERVICE

I hereby certify that on this the 10th day of September, 2010, a copy of the above and foregoing instrument was forwarded by ECF notification to:

Marie E. Galindo
The Galindo Law Firm
P. O. Box 1211
Midland, Texas 79702-1211

Richard Alvarado
Alvarado Law Firm
1703 N. Big Spring Street
Midland, Texas 79701

                /s/ Denis Dennis
                DENIS DENNIS